Henry Leatherman et al., Trading as Leatherman & Brother, Plffs. in Err., *v.* Richard J. Hecksher.

A suit having been brought on a promissory note, an ·affidavit of defense was filed, in which the defendant averred that the note was procured

NOTE.—In facts and ruling Haldeman v. Bank of Middletown, 28 Pa. 440, 70 Am. Dec. 142, is very similar to this case.

Where a partner indorses negotiable paper for firm purposes the firm is bound, though he misappropriate the proceeds to his own use, where it has passed into the hands of an innocent holder for value. Fulweiler v. Hughes, 17 Pa. 440.    But such rule applies only to the innocent holder. Porter

from defendant at the solicitations of B., of the firm of B. & W., and had been signed by defendant for the benefit of B. & W.; that B. had kept defendant under a delusion as to the use he (B.) intended to make of the note; that B. had indorsed the note with the firm name of B. & W., and had used the proceeds of the note for his own use and benefit in fraud of defendant and the firm of B. & W. *Held*, that there was no error in entering judgment for want of a sufficient affidavit of defense.

(Argued January 18, 1888. Decided February 6, 1888.)

July Term, 1887, No. 172, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Philadelphia County to review a judgment for want of a sufficient affidavit of defense in an action of assumpsit. Affirmed.

Assumpsit by Richard J. Hecksher against Henry Leatherman and Joseph Leatherman, trading as Leatherman & Brother. The suit was brought on the following promissory note:

Philadelphia, Nov. 16, 1886.
$265.
Three months after date we promise to pay to the order of S. R. Blake at Eighth National Bank, two hundred and sixty-five dollars, without defalcation, value received.
Due Feb. 16, 1887.
Leatherman & Bro.
Indorsed, S. R. Blake, Blake & Walton, E. H. Hawkins.

The defendant filed the following affidavit of defense:
Joseph Leatherman, a member of the said firm, defendant, being duly affirmed, says that there was no consideration given for the note in suit, but that it was made simply as an accommodation for the firm of Blake & Walton; that said note is indorsed by the said firm of Blake & Walton, and on their credit they ob-

---

v. Gunnison, 2 Grant, Cas. 297. If the negotiable instrument be not given in the course of firm business, the partnership is not bound, unless there is a ratification. Thus, if it is given for an individual debt (Brown v. Pettit, 178 Pa. 17, 34 L. R. A. 723, 56 Am. St. Rep. 742, 35 Atl. 865; Real Estate Invest. Co. v. Russel, 148 Pa. 496, 24 Atl. 59); or, as accommodation for another (Tanner v. Hall, 1 Pa. St. 417); or as surety for another (Bowman v. Cecil Bank, 3 Grant, Cas. 33); or to pay the debt of a third person (King v. Faber, 22 Pa. 21).

See also note to Graham v. Taggart, *ante*, 70.

tained the money from plaintiff, and not on any credit of **the** defendants, the makers, without consideration.

Subsequently by leave of the court the following supplemental affidavit of defense was filed:

Joseph Leatherman, being duly affirmed, says:

That in addition, and by way of an explanation, to what he has stated in his original affidavit, that he and his brother compose the firm of Leatherman & Brother; that he has a just and true defense to whole of plaintiff's claim of the following nature and character: that this suit is brought upon a promissory note which purports to be executed by deponent's firm to the order of S. R. Blake, of the firm of Blake & Walton, and indorsed S. R. Blake, Blake & Walton, and E. H. Hawkins; that the said Blake procured the alleged note from defendant while he kept him, deponent, under a delusion as to the use he (Blake) intended to make of said note; that deponent's firm had been dealing with the said firm of Blake & Walton for over five years prior to this alleged transaction, and said Blake was the active partner; that at the time of its alleged execution, the said Blake filled up the alleged note, and requested deponent to sign it in the name of his firm, which he did upon the most implicit faith that the alleged note was for the benefit of Blake & Walton, which the said Blake well knew at the time; also, that deponent had not had much experience in commercial paper; that the alleged note was not a loan of the credit of deponent's firm, for it had no financial standing where its members were not personally known, and was not rated; but that it was given as he (deponent) was led to believe by the said Blake as a convenience to his firm, Blake & Walton; that deponent finds, greatly to his surprise, that said Blake—in fraud of deponent's firm and of the firm of Blake & Walton, as appears from an affidavit filed by said Walton, in a suit by plaintiff (against Blake & Walton on said note) in this court, to this term, No. 336, wherein is stated in substance that Walton was appointed receiver of the said firm of Blake & Walton, on the 19th day of February, 1887; that said Blake indorsed said note, without his knowledge or consent, with the name of the firm Blake & Walton; and if he made the said indorsement, it was for his own private use and benefit, intended the said note for his own use and benefit at the time he had it executed, but deponent only found this out since the filing

of his original affidavit; that in this same suit by plaintiff against the firm of Blake & Walton on said note, his title to same has been impeached by the action of this court in requiring him to prove before a jury that he is a bona fide innocent holder of the said note for value, and that plain justice and common honesty require that he should do the same in this case.

The specifications of error assigned: (1) The action of the court in making the rule for judgment for want of a sufficient affidavit of defense absolute; and (2) in not discharging said rule.

*W. C. Adams,* for plaintiffs in error.—This case is ruled by Lerch Hardware Co. v. First Nat. Bank, 109 Pa. 240.

*John D. Carlile,* for defendant in error.—If the plaintiff below had notice of the facts set forth in the affidavits filed, so far as relates to the question of fraud, he could not have recovered; but there is not even the insinuation, on the part of anybody, that he had such notice; on the contrary it is practically admitted on all hands that he did not have it. Further there is nowhere set up any allegation that he is not a holder for value; and even admitting that the facts are as set up in the affidavits filed below, and that the payee Blake committed a fraud on the plaintiff here, by not using the money in the way they expected him to use it, yet it has been expressly held that when the fraud consists in the misapplication of the proceeds of the instrument in suit, it (the instrument) will not be affected in the hands of an innocent holder.   Gray v. Bank of Kentucky, 29 Pa. 365.

A holder of a negotiable note, taken before maturity for value, bona fide without notice, can recover it, notwithstanding he took it under circumstances which ought to excite the suspicions of a prudent man.   In order to destroy such holder's title it must be shown that he took the note *mala fide.*   Phelan v. Moss, 67 Pa. 59, 5 Am. Rep. 402; Sloan v. Union Bkg. Co. 67 Pa. 470.

Following these cases it has been held in the common pleas of Philadelphia county that where notes are obtained by fraudulent representations an allegation that such is the case is not sufficient to prevent judgment.   Third Nat. Bank v. McCann, 11 W. N. C. 480.   See also Moorehead v. Gilmore, 77 Pa. 118,

18 Am. Dec. 435; and Miller v. Consolidation Bank, 48 Pa. 514, 88 Am. Dec. 475.

PER CURIAM:

The judgment in this case is affirmed.